**FAIRFIELD ENGINEERING COMPANY and Fairfield Erectors, Inc., Plaintiffs,**

v.

**WINGER CONSTRUCTION COMPANY and Stanley Engineering Company, Defendants.**

Civ. No. 7–1983–C–1.

United States District Court,
S. D. Iowa,
Central Division.

Aug. 26, 1969.

---

Paul Moser, Jr., Des Moines, Iowa, for plaintiffs.

Robert G. Allbee, Paul Ahlers, H. Richard Smith, Des Moines, Iowa, for defendant, Winger Construction Co.

Clyde Putnam, Jr., Des Moines, Iowa, for defendant, Stanley Engineering Co.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This is an action for indemnity and contribution. Jurisdiction is based on diversity. The case was tried to the Court.

Plaintiffs, Fairfield Engineering Company and Fairfield Erectors, Inc., are Ohio corporations with their principal place of business in Marion, Ohio. They are engaged in the business of engineering and installing coal handling equipment. Fairfield Erectors is a wholly owned subsidiary of Fairfield Engineering Co. They will hereafter be referred to as plaintiffs. Plaintiffs were under contract to the Board of Regents of the State of Iowa to furnish coal handling equipment and supervise the installation thereof when an accident occurred injuring four men who were employees of defendant Winger Construction Company (Winger), then engaged in the building of coal silos for the Board of Regents which were to house the coal handling equipment. Defendant Stanley Engineering Co. (Stanley) was under contract with the Board of Regents to furnish engineering services for the entire project. Winger is an Iowa corporation with its principal place of business in Ottumwa, Iowa. Stanley is an Iowa partnership with its principal place of business in Muscatine, Iowa. The four injured employees of Winger brought suit against plaintiffs

in Ohio alleging negligence on the part of plaintiffs in supplying incomplete and inadequate plans and specifications for scaffolds, one of which fell causing their injuries. The cases were settled for $115,000. For the purposes of the matter at hand, the parties have stipulated that the settlements arrived at by plaintiffs are fair and reasonable in the amount of One Hundred Thousand Dollars ($100,000).

## INDEMNITY AGAINST WINGER

█ It is undisputed that at the time of the accident the four injured men were employees of Winger and covered by the Iowa Workmen's Compensation Act. The plaintiffs are, therefore, entitled to recover against Winger only in indemnity, and then only if they prove there was a separate duty owed them by the employer, Winger. Iowa Power & Light Company v. Abild Construction Company, 259 Iowa 314, 144 N.W.2d 303 (1966). In this regard plaintiffs claim that Winger owed a duty to plaintiffs to notify them that certain umbrella type scaffolds furnished by plaintiffs were ready to be assembled and put in use by Winger in order that plaintiffs could supervise their installation thereby furnishing the expertise that would have detected the faulty construction of the scaffold which fell injuring the four Winger employees.

█ Prior to the actual erection of the silos called for in the contract, Winger learned that plaintiffs had an umbrella type scaffolding they used in connection with the erection of silos and made inquiry concerning use of the same. Thereafter, plaintiffs offered to furnish two (2) silo scaffoldings for Winger's use in connection with the building of the tile silos without charge, Winger, however, to pay the cost of shipping the scaffolds from Marion, Ohio to Iowa City, Iowa and their return to plaintiffs. In October 1960 the umbrella type scaffolds were shipped by plaintiffs to Winger, together with drawings and a copy of plaintiffs' Silo Construction Procedure for Winger's use. (See plaintiffs' exhibits 11, 12).[1] There were delays in the silo construction. The scaffolding furnished by plaintiffs was not placed in use until the spring of 1961 about a month before the accident, which occurred on March 28, 1961. The scaffolding, referred to as umbrella scaffolding, consists of a platform inserted inside the circular tile walls of the silo which is moved upward as work on the silo walls progresses. It is supported by a center pipe which comes in sections which are added as the work progresses upward. When the accident occurred the work on the silo wall had progressed to a point approximately 55 feet above the silo base. The three and one-half inch center pipe supporting the scaffold broke or split out allowing the scaffold to tip and fall with the men aboard.

" * * * [P]laintiffs admit that drawings and procedures for constructing the scaffolds, furnished with the scaffold, were inadequate unless used by competent supervisory professional engineers" (plaintiffs' amendment to complaint Par. 6 filed 6-21-68). Plaintiffs contend that had an experienced erection superintendent of the plaintiffs been on the job at the time the scaffold was used, proper center piping and bracing would have been in place and the accident would not have occurred. Plaintiffs further contend that based upon consideration of the entire record of the transactions between the parties there arose a duty on the part of Winger to notify plaintiffs when the scaffold was to be erected in order that plaintiffs could carry out the intention of the parties that plaintiffs have an experienced superintendent on the site at the time the scaffolding was erected as a part of the erection and installation of the coal handling equipment. Defendant Winger on

---

1. Duplicate exhibits with other deposition numbers were received in evidence along with depositions. Exhibits will be referred to herein by their court numbers only.

the other hand contends that the scaffolding arrangements contemplated that Winger would rely on the drawings and procedures furnished by plaintiffs and that there was neither a duty of asking for plaintiffs' supervision nor a duty to notify plaintiffs of when the scaffolds were to be assembled and put in use. The Court agrees with the defendant Winger.

The Court finds that the agreement between plaintiffs and Winger was simply that plaintiffs furnish the scaffolding material and Winger pay the costs of shipping. There was an agreement that plaintiffs supervise the installation of the "coal handling equipment" (see inter alia, exhibits 3, 15, 16) but this did not include supervising the erection of the scaffolding. The Court finds upon the entire record that plaintiffs have failed to establish a separate duty on the part of the defendant Winger to notify plaintiffs as to when the installation of the scaffolding would commence, or to request supervision by plaintiffs' representative. Judgment will be entered for the defendant Winger upon plaintiffs' claim for indemnity.

## INDEMNITY AND CONTRIBUTION AGAINST STANLEY

■ Plaintiffs' principal claims against defendant Stanley for indemnity are based on (1) Stanley's obligation under its contract with the Board of Regents (exhibit 3) to see to it that the plaintiffs' erection superintendent was on the job during the "unloading, erection and installing" of the coal handling equipment; (2) Stanley's same obligation arising as a result of its letter advising plaintiffs that two weeks notice would be given plaintiffs regarding the need for plaintiffs' erection superintendent on the job (see exhibit 21—Farnham's deposition including deposition exhibit 11).[2]

These claims have already been disposed of in the Court's finding with respect to plaintiffs' claim of indemnity against Winger. The correspondence and evidence establishes that any obligation that might have existed on the part of either defendant Winger or defendant Stanley to notify plaintiffs that their erection superintendent should be present on the job site for the purpose of supervising the "unloading, erection and installing" of the coal handling equipment did not include the installation of the scaffolding. There was never any agreement express or implied that plaintiffs would supervise the erection and installation of the scaffolding and therefore there was no duty to notify plaintiffs when the scaffolding was to be erected.

■ In addition to the foregoing plaintiffs appear to claim that defendant Stanley's obligation under its contract with the Board of Regents to see that the plans and specifications were complied with by the various contractors carried with it an obligation to supervise the use of tools and equipment by the contractors. Such is not the case. See Humpton v. Unterkircher & Sons et al., 97 Iowa 509, 66 N.W. 776 (1896). Stanley designed the project and drew the plans and specifications. Had the parties been injured as a result of faulty design or specifications drawn by Stanley it might well be claimed Stanley was at fault. But under the circumstances here involved, the injuries arose as a result of inadequate or incomplete plans and specifications drawn by plaintiffs for scaffolding (tools and equipment) furnished by plaintiffs for which defendant Stanley had no obligation.

■ Finally plaintiffs urge that defendant Stanley was guilty of negligence which concurred with that of plaintiffs in causing the injuries herein and therefore should be required to contribute its share of the loss incurred by plaintiffs. No useful purpose would be served by repeating what has already been said in connection with the claim for indemnity

2. Plaintiffs' contentions are taken from their final brief filed August 1, 1969 because their claims were varied by amendment to the pleadings.

against Stanley. Plaintiffs have failed to establish there was a violation of any duty owed by defendant Stanley to the injured parties which was a proximate cause of their injuries. Neither have the plaintiffs established a violation of any duty owed by defendant Stanley to the plaintiffs which was a proximate cause of the loss incurred. Plaintiffs' claim against the defendant Stanley must be dismissed.

### ORDER

It is ordered that judgment enter against the plaintiffs on their claim against the defendant Winger Construction Company. Costs are assessed to the plaintiffs.

It is further ordered that judgment enter against the plaintiffs on the claim against the defendant Stanley Engineering Company. Costs are assessed to the plaintiffs.